IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01596–RM–KMT

CHARLES HARRIS, JR.,

    Plaintiff,

v.

DEPUTY MCCONNELL, and
OTHER UNKNOWN OFFICIAL DEPUTIES,

    Defendant.

# ORDER

Before the court is "Defendant's Motion to Stay Discovery." (["Motion"], Doc. No. 26.) No response has been filed to the Motion, and the time to do so has lapsed.[1] For the following reasons, the Motion is GRANTED.

*Pro se* Plaintiff Charles Harris, Jr.,[2] a pretrial detainee at the Arapahoe County Detention Facility ["ACDF"], brings this lawsuit, pursuant to 42 U.S.C. § 1983, asserting violations of his civil rights by an ACDF official, Defendant Deputy McConnell. (["Complaint"], Doc. No. 13 at

---

[1] Defendants advise that they sent Plaintiff a conferral letter "requesting his position on this Motion," but Plaintiff "did not respond." (Mot. 1.)

[2] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

2-4.)  Specifically, Harris alleges that, while he was in ACDF custody, Deputy McConnell used unlawful excessive force against him, by "handcuff[ing]" and "taser[ing] him," as well by putting him "in a chokehold," and then "slam[ing] [him] to the ground head first."  (*Id.* at 4.)  Plaintiff complains that, due to this "assault," he now suffers from a "medical disorder," as well as "prominent scarring" and "ongoing pain."  (*Id.*)  As relief, Plaintiff seeks monetary damages, totaling $5.5 million.  (*Id.* at 6.)

On November 17, 2020, Defendant responded to Plaintiff's allegations by filing a motion to dismiss, as well as a motion to stay discovery, pending resolution of the motion to dismiss.  (Doc. No. 24; Mot. 1.)  Defendant argues that a discovery stay is appropriate in this case because the motion to dismiss invokes qualified immunity to all of Plaintiff's claims.  (Mot. 3.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.  Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored.  *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007).  Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court.  *United Steelworkers of Am. v. Or.*

*Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, Plaintiff has not responded, or otherwise expressed opposition, to Defendant's motion. The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendant argues that he would be unduly burdened by moving forward with discovery, and he contends that this burden "outweighs any interest of [] Plaintiff in

3

moving forward." (Mot. 4.) In making that argument, Defendant stresses that he has asserted qualified immunity to each of Plaintiff's claims. (*Id.* at 3-4.) Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Tenth Circuit has made clear that "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (per curiam) (alterations omitted). In addition, "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim." *Martin v. Cty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)). Here, Plaintiff has made no such demonstration.

And, importantly, all of Plaintiff's claims appear to be subject to a qualified immunity defense. *See Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) (explaining that a qualified immunity defense is available only to claims for monetary damages, made against an individual government official, in his or her individual capacity). In this case, Defendant is a government official, Plaintiff seeks only monetary damages, and the claims are asserted against Defendant in his individual capacity only. (Compl. 2, 6.) Accordingly, the second factor also weighs in favor of a stay. *See Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 WL 232121, at *2 (D. Colo. Jan. 16, 2015) (finding the second factor weighed in favor of a stay, because the plaintiff's claims were all subject to a qualified immunity defense).

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese Incident* factors together, as well as the strong interest of resolving immunity questions before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that "Defendant's Motion to Stay Discovery" (Doc. No. 26) is **GRANTED**. Discovery in this matter is **STAYED** pending a ruling on the Motion to Dismiss. The parties shall file a joint status report within ten days of a ruling on the motion to dismiss, if any portion of the case remains, to advise whether the Scheduling Conference should be set.

This 12th day of December, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge