IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01596–RM–KMT

MR. HARRIS CHARLES JR.,

    Plaintiff,

v.

DEPUTY MCCONNELL, and
OTHER UNKNOWN OFFICIAL DEPUTIES,

    Defendant.

## ORDER

Before the court is Plaintiff's "Motion for Leave to File Outside Time-Frames." (["Motion"], Doc. No. 48.) Defendant has responded in opposition to the Motion. (["Response"], Doc. No. 51.) No further briefing has been filed. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). For the following reasons, the Motion is DENIED.

*Pro se* Plaintiff Charles Harris, Jr.,[1] a pretrial detainee at the Arapahoe County Detention Facility ["ACDF"], brings this lawsuit, pursuant to 42 U.S.C. § 1983, asserting violations of his civil rights by an ACDF official, Defendant Deputy McConnell. (Doc. No. 13 at 2-4.)

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

Specifically, Plaintiff alleges that, while he was in ACDF custody, Deputy McConnell used unlawful excessive force against him, by "handcuff[ing]" and "taser[ing] him," as well by putting him "in a chokehold," and then "slam[ing] [him] to the ground head first." (*Id.* at 4.) Plaintiff complains that, due to this "assault," he now suffers from a "medical disorder," as well as "prominent scarring" and "ongoing pain." (*Id.*) As relief, Plaintiff seeks monetary damages, totaling $5.5 million. (*Id.* at 6.)

On November 17, 2020, Defendant responded to Plaintiff's allegations by filing a motion to dismiss the Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 24.) Plaintiff, however, did not file a response to the motion to dismiss within the requisite time frame to do so. *See* D.C.COLO.LCivR 7.1(d) ("The responding party shall have 21 days after the date of service of a motion, or such lesser or greater time as the court will allow, in which to file a response."). Instead, nearly six months later, on May 21, 2021, Plaintiff filed the present Motion, asking for permission to file an untimely response. (Mot. 1.)

Federal Rule of Civil Procedure 6(b) provides, in relevant part, as follows: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Congress plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The determination as to whether neglect of a deadline is excusable "is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. A finding of excusable neglect

under Rule 6(b) requires both a demonstration of good faith by the party seeking the enlargement, as well as a finding that there was a reasonable basis for not complying within the specified period. *Dunn v. Shinseki*, No. 10-cv-02754-PAB-MEH, 2011 WL 6934109, at *6 (D. Colo. Dec. 29, 2011) (citing *In re Four Seasons Secs. Laws Litig.*, 493 F.2d 1288, 1290-91 (10th Cir. 1974)).

As grounds for seeking a deadline extension here, Plaintiff states that he never "received a copy" of Defendant's motion to dismiss. (Mot. 1.) However, as Defendant correctly points out, Plaintiff's assertion is clearly contradicted by his own filings in this lawsuit. (Resp. 1.) For instance, on December 10, 2020, Plaintiff filed a letter with the court, indicating that he did not consent to magistrate jurisdiction. (Doc. No. 33.) Attached to that letter is a disciplinary report, which recounts how Plaintiff became "upset" after watching the video exhibit to Defendant's motion to dismiss. (*Id.* at 2-3.) Plaintiff, thus, admits to receiving the exhibits to the motion to dismiss, which were reportedly mailed to him along with the motion to dismiss, itself. (Resp. 2.) On January 27, 2021, Plaintiff filed another letter with the court, in which he identified certain litigation documents he had previously received, specifically referencing the motion to dismiss. (Doc. No. 36 at 1("The notices of electronic filing that I have received are document Number 32: Regarding 24) to dismiss filed by McConnell[.]"). Notably, in the January 27, 2021 letter, Plaintiff made clear that the only litigation documents he was currently missing, and thus, was requesting from the court, were Documents 33-34. (*Id.*) On January 28, 2021, this court directed the Clerk to mail Plaintiff copies of the missing documents, as well as a copy of the docket sheet, which identified the previously filed motion to dismiss. (Doc. No. 38; *see* Doc. No. 24.) Plaintiff was thus unquestionable aware, upon his receipt of the January 28, 2021

docket sheet, that a motion to dismiss had been filed. Nevertheless, Plaintiff waited an additional four months to alert the court that he "never received" the motion to dismiss. (Mot. 1.)

Although Plaintiff concedes that his present request for a deadline extension is untimely, he fails to offer any explanation as to *why* the request is so late, or any reason why the court should allow him to file a response to the motion to dismiss at this point in time. Although Plaintiff is proceeding *pro se*, he must still comply with the same rules of procedure as other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Here, Plaintiff has simply failed to establish good cause or excusable neglect, as is required by Rule 6(b). *See* Fed. R. Civ. P. 6(b)(1). As such, his request to file an untimely response must be denied. *See Carey v. Buitrago*, No. 19-cv-02073-RM-STV, 2020 WL 7230695, at *1 (D. Colo. Dec. 8, 2020) (denying a *pro se* plaintiff's motion to file an untimely response, where the plaintiff failed to show good cause or excusable neglect under Rule 6(b)).

Accordingly, it is

**ORDERED** that the "Motion for Leave to File Outside Time-Frames" (Doc. No. 48) is **DENIED**.

Dated this 7th day of June, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge