## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 20-cv-01596-RM-KMT

CHARLES HARRIS, JR.,

    Plaintiff,

v.

MCCONNELL, Deputy, and
OTHER UNOFFICIAL UNKNOWN DEPUTIES,

    Defendants.

---

## ORDER

---

This action brought under 42 U.S.C. § 1983 is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya (ECF No. 53) to grant Defendant McConnell's Motion to Dismiss (ECF No. 24) and to deny as moot Plaintiff's Motion for Change of Venue (ECF No. 43). The Recommendation informed the parties they had fourteen days to file written objections to its proposed findings. Neither party has objected to the Recommendation, and the time to do so has expired. In the absence of a timely objection, this Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

Plaintiff proceeds pro se, therefore the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United*

*States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff contends Defendant McConnell and other deputies (unnamed) violated his constitutional rights while he was a pretrial detainee at the Arapahoe County Detention Facility by using unnecessary and excessive force against him. The details and context of the incident are hard to ascertain from the minimal allegations in the Complaint. (*See* ECF No. 13 at 4.) The Complaint refers to a video of the incident, and Deputy McConnell submitted jail surveillance video footage with his Motion to Dismiss. Plaintiff seeks $5.5 million in damages.

The magistrate judge declined to review the video footage, finding it was not central to Plaintiff's claim and not appropriate for consideration at the motion to dismiss stage. (*See* ECF No. 53 at 6.) Instead, the magistrate judge found that the factual allegations in the Complaint were insufficient to ascertain the objective reasonableness of Defendant McConnell's conduct under the Fourteenth Amendment. For instance, Plaintiff provided no factual basis to evaluate the specific amount of force used, nor did he allege whether, or to what extent, he was resisting or complying with commands by jail officials. (*See id.* at 12.) The allegations also did not establish a nexus between Defendant McConnell's conduct and Plaintiff's alleged injuries. (*See id.* at 13.)

The Court discerns no error with respect to the magistrate judge's analysis, and the Recommendation is hereby incorporated in its entirety into this Order. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Therefore, the Court ACCEPTS the Recommendation (ECF No. 53) and GRANTS the Motion to Dismiss (ECF No. 24) for the reasons stated in the Recommendation. Plaintiff's Motion for Change of Venue (ECF No. 43) is DENIED AS MOOT. The Clerk is directed to CLOSE this case.

DATED this 17th day of September, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge